UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――X
NADINE NUGENT-GORDON,

                    Plaintiff,

                    COMPLAINT

—Against—

                    JURY TRIAL DEMANDED

THE McGUIRE GROUP, BROOKHAVEN HEALTH
CARE FACILITY, and 1199 SEIU HEALTH CARE
WORKERS EAST

                    Defendant
―――――――――――――――――――――――――――――X

Plaintiff, NADINE NUGENT-GORDON, by his/her attorneys, Law Offices of Ambrose Wotorson, for her Complaint, alleges as follows:

I.     <u>INTRODUCTION</u>

1. Plaintiff, NADINE NUGENT-GORDON, at all relevant times, served as a Certified Nurse Assistant for defendants, THE McGUIRE GROUP (hereinafter, "McGuire") and BROOKHAVEN HEALTH CARE FACILITY (hereinafter, "Brookhaven").

2. Plaintiff was, at all relevant times, a member of 1199 SEIU HEALTH CARE WORKERS EAST. (Hereinafter, "1199"). Plaintiff contends that she was wrongfully terminated by her employers THE McGUIRE GROUP

1

(hereinafter, "McGuire") and BROOKHAVEN HEALTH CARE FACILITY (hereinafter, "Brookhaven") because she allegedly yelled at an elderly patient and refused to give her water.

3. Plaintiff denies that any such incident occurred, and that she offered at least one other credible witness to dispute this.

4. Thus, plaintiff was not terminated, as is required under the collective bargaining agreement, for just cause.

5. Plaintiff also contends that her union violated its duty of fair representation by arbitrarily failing to challenge her termination on the grounds that it was devoid of just cause.

II.   JURISDICTION

6. This Court has jurisdiction over this matter under 42 U.S.C. Section 1981, 29 U.S.C. Section 185 and 29 U.S.C. Section 159(a), Venue is proper because the acts complained of occurred in this Judicial District.

III.   PARTIES

7. Plaintiff, Nadine Gordon, at all relevant times, served as a Certified Nursing Assistant for The McGuire Group and Brookhaven Healthcare Facility. She had been so employed since August 10, 2016. Plaintiff sues in her behalf, and her address is 86 Cedar Lane, Medford, New York 11763.

8. The McGuire Group and Brookhaven Healthcare Facility are in the business of providing healthcare services, and at all relevant times, employed plaintiff as a Certified Nursing Assistant.(hereinafter, "CNA"). Plaintiff contends that these defendants wrongfully terminated her employment without just cause. Their headquarters and corporate address is 801 Gazzola Drive, East Patchogue, New York 11772.

9. Defendant, 1199 SEIU HEALTH CARE WORKERS EAST is a collective bargaining unions and union representing healthcare workers. At all relevant times, plaintiff was a dues-paying member of defendant union. Plaintiff contends that the union failed in its duty of fair representation. It's address is 330 West 42nd Street, New York, NY 10036.

## FACTUAL AVERMENTS

10. Plaintiff re-alleges paragraphs 1- 9 as fully-stated above.

11. Plaintiff, NADINE NUGENT-GORDON, at all relevant times, served as a Certified Nurse Assistant for defendants, THE McGUIRE GROUP (hereinafter, "McGuire") and BROOKHAVEN HEALTH CARE FACILITY (hereinafter, "Brookhaven").

12. Plaintiff was, at all relevant times, as member of 1199 SEIU HEALTH CARE WORKERS EAST. (Hereinafter, "1199").

13. Defendants, McGuire and Brookhaven, terminated plaintiff's employment as a Certified Nurse Assistant on or about May 21, 2019.

14. In so terminating plaintiff, defendants McGuire and Brookhaven breached a collective bargaining agreement with plaintiff's, through the collective bargaining agreement, that explicitly barred plaintiff's termination without "just cause".

15. Defendant, 1199, plaintiff's union, breached its duty of fair representation towards plaintiff by arbitrarily failing to challenge plaintiff''s termination, without any articulated justification.

16. But for defendants' arbitrary and bad faith failure to challenge plaintiff's termination, plaintiff would be employed, and she would not have lost the financial value of her Certified Nurse Assistant's job.

17. Moreover, plaintiff's performance was fully satisfactory at all relevant. Times.

18. On Friday May 17, 2019 plaintiff received a phone call from Alexandra LaMothe, an administrator.

19. LaMothe told plaintiff, during that telephone call, that a resident had claimed that plaintiff had been "borderline abusive" to her.

20. LaMothe neither named the resident, nor disclosed to plaintiff when she had allegedly been "borderline abusive".

4

21. However, LaMothe claimed that the unnamed resident stated that she asked for water, but that plaintiff screamed at her and told the resident that she [plaintiff] was not going to give water to her [the unnamed resident].

22. LaMothe also claimed that the unnamed resident stated that she as fearful that plaintiff would retaliate in some manner.

23. LaMothe then informed plaintiff that she was being suspended, pending an investigation and that, in any event, somebody on behalf of McGuire and Brookhaven would speak with plaintiff on before May 20, 2019.

24. On Monday, May 20, 2019, plaintiff telephoned Brookhaven to find out the status of the alleged investigation.

25. However, plaintiff was told to expect a call back on Tuesday, May 21, 2019, instead.

26. On Tuesday, May 21, 2019, Alexander LaMothe , Kellie Burridge, who is the Director of Nursing, and a Human Resources professional, telephoned plaintiff and told plaintiff that she [plaintiff] was being terminated because a resident complained that she (plaintiff) had been abusive in yelling at the resident and in refusing to give the resident a cup of water.

27. Plaintiff immediately protested that no such incident ever occurred, and she had not been given an opportunity to defend herself prior to her termination, and that she had not been asked anything.

5

28. LaMothe, Burridge and the Human Resources professional all admitted to plaintiff that the decision to terminate plaintiff was based solely upon the unnamed resident's alleged complaints about being yelled at and plaintiff's allegedly not giving her cup of water, and that no other staff members were interviewed.

29. Plaintiff vehemently denied that any such incident had occurred.

30. Plaintiff then asked if the resident had specifically identified her [plaintiff] by name.

31. The Director of Nursing and the Human Resources manager disclosed to plaintiff that the resident did not identify plaintiff by name, but instead, only pointed out that the nurse who allegedly refused to give her a cup of water and who yelled at her, was a "black girl."

32. Plaintiff was not the only black female staff member.

33. McGuire's and Brookhaven's decision to terminate plaintiff was based solely upon the resident's identification of a "black girl" as the staff member who yelled at her and who had refused to give water to her.

34. Critically, at least one witness, Dana Gabler, another CNA, later came forward and offered in a written statement that the unnamed complainant likely occupied Room 14D, and that on May 16, 2019, an incident similar to the resident's description occurred.

35. On that occasion Ms. Gabler was working with plaintiff when a resident, in Room 14D, began yell at plaintiff, stating that she [the resident] had been sitting for too long and wanted to get in the bed. Ms. Gabler explained that she helped plaintiff to transfer the resident into a bed, and that the resident then asked for a cup of ice water, which she [Gabler] gave to her. Ms. Gabler also explained that room 14D was right across from the Nursing station were she was seated, and that she did not hear any other commotion or yelling from, or within, room14D for the rest of the night.

36. To date, plaintiff's union has neither challenged her termination as lacking "just cause," nor has it sought to place the matter before an arbitrator.

37. The union's failure to do so has been arbitrary and lacking in any good faith justification.

38. Indeed, according to the extant collective bargaining agreement, a non-probationary employee's may not be discharged, except for just cause.

39. Further, under the collective bargaining agreement, grievances will be discussed with the employer in an effort to settle them.

40. However, grievances are to be submitted within a "reasonable time" after a claim arises.

41. Plaintiff has been terminated, and has been without an independent source of financial sustenance, since May 21, 2019.

42. As a proximate result of all defendants' actions and/or inactions, plaintiff has lost a yearly salary of $36,000 that she would have had but for her wrongful discharge.

43. Plaintiff has suffered humiliation and anguish as a proximate result of her suddenly being unemployed.

44. Plaintiff's good name and reputation has been has been damaged because there is now a hard-to-explain gap in her employment history that has adversely-impacted her chances with other employers.

45. Plaintiff has been forced to disclose with prospective employers that she was fired, in part, because she was accused of engaging in "borderline-abuse" of a resident.

46. Not surprisingly, plaintiff has not been able to obtain comparable employment despite her best efforts.

IV.  CAUSE OF ACTION

   FIRST CAUSE OF ACTION – RACIAL DISCRIMINATION

47. Plaintiff re-alleges paragraphs 1 - 46 as fully-stated above.

48. Brookhaven terminated plaintiff because she is a "black [woman]," without thoroughly investigating the false claims against plaintiff. Without considerably more, defendants have violated 42 U.S.C. Section 1981's prohibitions against racial discrimination .

## SECOND CAUSE OF ACTION – LABOR MANAGEMENT RELATIONS ACT

49. Plaintiff re-alleges paragraphs 1 – 48 as fully-stated above.

50. By breaching the collective bargaining agreement that a plaintiff could only be terminated for just cause, defendants, McGuire and Brookhaven, violated 29 U.S.C. Section 185.

## THIRD CAUSE OF ACTION – FAILURE IN THE DUTY OF FAIR REPPRESENTATION

51. Plaintiff re-alleges paragraphs 1 - 50 as fully-stated above.

52. By failing to in its duty to fairly represent plaintiff, defendant 1199, violated 29 U.S.C. Section 185 and 29 U.S.C. Section 159(a),

WHEREFORE, plaintiff prays that this Court grant judgment to her containing the following relief:

a. An impaneled jury;

b. An award of damages for the loss of plaintiff's $36,000 a year job, as backpay, and as front pay, up and until the time of his/her reasonably-planned requirement;

c. An award of damages for loss of other compensation and financial harm, including past and future bonuses, commissions, including

9

applicable fringe benefits, after the date of his/her discharge from defendant;

d. An award of damages for humiliation, mental pain and suffering associated with plaintiff's termination from McGuire and Brookhaven, and her subsequent and unexpected unemployment;

e. The costs of this action and plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

f. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
October 16, 2019

Respectfully Submitted
_____x
Ambrose W. Wotorson, Jr., Esq.
Law Offices of Ambrose Wotorson
225 Broadway, 41st Floor
New York, New York 10007
646-242-3227
Loaww1650@aol.com